**D. Arthur LOWE et al., Appellants,**

v.

**UNION OIL COMPANY OF CALIFORNIA, a corporation, et al., Appellees.**

No. 72–1538.

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1973.

Robert E. Krause (argued), Long Beach, Cal., for appellants.

Edward F. Bradley, Jr., (argued) U. S. Dept. of the Interior.

Allyn O. Kreps, Warren Christopher, Girard E. Boudreau, Jr., Los Angeles, Cal., for appellees; O'Melveny & Myers, William E. Westerbeke (argued), Los Angeles, Cal., of counsel.

Before WRIGHT and GOODWIN, Circuit Judges, and EAST,* District Judge.

ALFRED T. GOODWIN, Circuit Judge:

This appeal challenges the government's ownership of the fossil fuel deposits underlying the Outer Continental Shelf off the California coast.

Appellants sued the United States (Department of the Interior) and the four corporate appellees to quiet title, and demanded damages for trespass and conversion, for waste of private oil and gas resources, and for devaluation of mining locations.

Appellants base their claims upon their filing, in early 1968, of forty-one placer mining locations situated in Tract 402, Block 51, North, 65 West, as shown on the Official Outer Continental Shelf Leasing Map 68, of the Channel Islands Area. The district court dismissed the action, ruling that the complaint did not, either in its original or in its amended form, allege a valid claim to any interest in the subsoil or seabed of the Outer Continental Shelf of the United States.

The district court held that:

1. The General Mining Laws never applied to submerged lands.

2. The Mineral Leasing Act of 1920 (41 Stat. 437, 30 U.S.C. § 193) superseded the General Mining Laws with respect to oil and gas.

3. Since 1953, the Outer Continental Shelf Lands Act (43 U.S.C. §§ 1331 et seq.) has provided the sole method by which oil and gas resources are to be disposed of on the Outer Continental Shelf.

4. The United States of America (sued herein as the United States, Department of the Interior) is an indispensable party to the action, and has not consented to be sued herein.

5. The United States, Department of the Interior, is not a suable entity.

Because we dispose of this case on the district court's third ground, we do not reach the other issues.

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

Jurisdiction is founded on 28 U.S.C. § 1291 and 28 U.S.C. § 1346(f).[1] Governmental consent to suit is based upon 28 U.S.C. § 2409a(a).[2] For the purposes of this case we will accept the appellants' theory that the twelve-year statute of limitation[3] did not start running until they filed their so-called locations in 1968. Therefore, we need not decide whether the appellants' attempt to dismiss the United States from the suit was successful,[4] or alternatively whether the United States would be an indispensable party.

Appellants allege that their placer mining locations were filed pursuant to the General Mining Laws. The General Mining Laws, enacted in 1872 and substantially unchanged to the present, provide, in part:

> "Except as otherwise provided, all valuable mineral deposits in lands belonging to the United States, both surveyed and unsurveyed, shall be free and open to exploration and purchase * * *." 30 U.S.C. § 22.

The Supreme Court has held that the "except as otherwise provided" clause is satisfied when there is another, more specific, statute which provides for the disposition of certain lands and the mineral deposits thereon. In Oklahoma v. Texas, 258 U.S. 574, 42 S.Ct. 406, 66 L. Ed. 771 (1921), the Court held:

> " * * * Only where the United States has indicated that the lands are held for disposal under the land laws does the section apply; and it never applies where the United States directs that the disposal be only under other laws." 258 U.S. at 600, 42 S.Ct. at 416.

It is obvious that the United States has "otherwise provided" in connection with the Outer Continental Shelf. In 1953, Congress enacted the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq. That act, *inter alia*, asserted United States' ownership of and jurisdiction over minerals in and under the Outer Continental Shelf, extended the Constitution and laws of the United States to the shelf lands, and established an exclusive system of mineral leasing on the Outer Continental Shelf. The purpose of the Lands Act was to define a body of law applicable to the seabed of, subsoil of, and fixed structures on the Outer Continental Shelf. Rodrigue v. Aetna Casualty & Surety Co., 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969).

The Lands Act specifically provided that "mineral leases on the outer Continental Shelf shall be maintained or issued only under the provisions of this subchapter." 43 U.S.C. § 1333(a)(1). Section 1331(c) defines the term "mineral lease" as "any form of authorization for the exploration for, or develop-

1. "The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U. S.C. § 1346(f) (Supp.1972).

2. "The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights * * *," 28 U.S.C. § 2409a(a) (Supp.1972).

3. "Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of

the claim of the United States." 28 U.S.C. § 2409a(f) (Supp.1972).

4. Plaintiffs' original complaint was filed on February 2, 1971. By Stipulation dated March 15, 1971, plaintiffs were allowed to amend their complaint. On March 19, 1971, the United States moved to dismiss the cause of action and for summary judgment in response to the plaintiffs' original complaint. On March 24, 1971, the district court ordered plaintiffs' amended complaint to be filed retroactively as of March 15, 1971. On March 30, 1971, plaintiffs filed notices of dismissal as to the United States, Department of Interior. Subsequently the United States and all other defendants filed motions to dismiss the cause of action with prejudice or for summary judgment in answer to the plaintiffs' first amended complaint.

ment or removal of deposits of, oil, gas, or other minerals * * *." Furthermore, § 1337 established a detailed bidding procedure pursuant to which the Secretary of the interior may grant leases. In light of these clear expressions of a congressional intent to provide an exclusive procedure for acquiring mineral interests in the Outer Continental Shelf, we hold that appellants' claims based upon their purported placer mining locations filed under the General Mining Laws are invalid.

Accordingly, the district court's dismissal of the complaint is affirmed.